# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | THOMAS M. DURKIN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2384 | **DATE** | 5/3/13 |
| **CASE TITLE** | Terry C. Johnson (#888114) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#5] is denied. The complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable civil rights claim. The case is terminated. The clerk is directed to mail a copy of this order to Cook County Sheriff Thomas Dart / 50 W. Washington Street / Chicago, Illinois 60602. Sheriff Dart may wish to investigate the plaintiff's concerns to determine whether action on the part of the Sheriff's Office may be warranted.

■ [For further details see text below.]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a civil detainee in the custody of the Illinois Department of Human Services, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, state and county employees, violated the plaintiff's constitutional rights by subjecting him to physical and verbal harassment (or by failing to intervene in the presence of the alleged mistreatment). For the reasons stated in this order, the plaintiff's motion for leave to proceed *in forma pauperis* is denied and the case is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Facts

The plaintiff alleges that on March 30, 2011, he was transported from the Rushville Treatment and Detention Facility to the Cook County Circuit Court pursuant to a writ. Defendants Felds, Moody, Markley, Daughter, and other DHS security therapist aides (hereinafter, "STAs") accompanied the plaintiff to court.

As the plaintiff and other detainees sat shackled in a small cubicle, defendant Idris, a Cook County correctional officer, arrived with another prisoner. Idris began berating the other prisoner. The plaintiff and the other inmates in the cubicle, along with a second officer (defendant Reed), observed Idris' outburst but neither said nor did anything. According to the plaintiff, Idris had a history of attacking prisoners before while under the influence of alcohol.

At some point Idris asked the STAs from which facility they had come. The STAs reported that they were from Rushville. This revelation prompted Idris to begin calling the plaintiff and the other occupants of the **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

cubicle "baby rapists," as well as derogatory racial and homophobic epithets. He additionally threatened to "fuck [them] up," entering the cell as he did so. None of the other defendants attempted to prevent Idris from entering the cubicle.

Idris, reeking of alcohol, approached the fully restrained plaintiff, grabbed him by the handcuffs, and pulled him toward the officer [presumably preparatory to striking him]. Only at that point did the other defendants react. They rushed into the cell, forced Idris to relinquish his grip on the plaintiff, and removed him from the cubicle.

Notwithstanding his lack of physical injury, the plaintiff claims to have suffered a great deal of physical and emotional distress on account of the incident.

## Analysis

Even accepting the plaintiff's allegations as true, the court finds that the complaint fails to state a federal claim. "Not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The Constitution "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins*, 130 S. Ct. at 1178, quoting *Hudson*, 503 U.S. at 9. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 130 S. Ct. at 1178 (citation omitted). If defendant Idris drunkenly entered the plaintiff's holding cell with the intent to do harm, then his conduct was unacceptable and inexcusable. Idris' actions expose him to professional discipline and possibly even criminal prosecution. However, in the absence of any actual harm, Idris cannot be held liable under 42 U.S.C. § 1983 for the unrealized attack.

Idris' taunts and threats likewise fail to implicate the Constitution. "Mere words or threats, however violent, do not amount to an actionable assault under Section 1983." *Nitz v. Doe*, No. 08 C 0334, 2010 WL 4823363, *8 (N.D. Ill. Nov. 18, 2010) (Hibbler, J.); *Burt v. Walker*, No. 07 C 4284, 2008 WL 4874133, *4 (N.D. Ill. Jul.14, 2008) (Hibbler, J.); *Bennett v. Sheahan*, No. 99 C 2270, 1999 WL 967534, *4 (N.D. Ill. Oct. 5, 1999) (Holderman, J.) (citations omitted). Again, the court in no way condones Idris' offensive language or behavior. However, his threats and name-calling did not rise to the level of a constitutional violation.

The plaintiff's theory of recovery on retaliation grounds is equally without merit. The plaintiff contends that his exercise of his right of access to the courts "was defendant's motivating factor behind Idris' actions as detailed above." (Complaint, p. 7, ¶ 25.) But in order to state a cognizable claim, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory **(CONTINUED)**

| STATEMENT (continued) |
|---|

statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The mere fact that the plaintiff was at the jail on a court writ is insufficient to support an inference of First Amendment retaliation.

Finally, the remaining defendants cannot be held liable in light of the court's ruling that the plaintiff has no tenable federal cause of action against Idris. "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation...." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (citing *Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004)). In *Fillmore*, the Court of Appeals held that a prisoner could not succeed on his failure to intervene claim because he had failed to establish that guards had used excessive force. *Fillmore*, 358 F.3d at 505-06. The lack of any viable claim against defendant Idris renders the other defendants non-liable as well.

For the foregoing reasons, the plaintiff's federal claims are summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The plaintiff's pendent state tort claims are accordingly dismissed, without prejudice to pursuing any relief that may be available in state court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Pugel v. Bd. of Trustees of University of Illinois*, 378 F.3d 659, 669 (7th Cir. 2004); 28 U.S.C. § 1367(c)(3).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).

Finally, in light of the troubling nature of the plaintiff's concerns, the clerk will mail a copy of this order to the Cook County Sheriff. The Sheriff may wish to investigate the plaintiff's allegations and determine whether any action should be taken by Sheriff's officials.